to the trial court for the purpose of permitting the parties to introduce evidence to establish the cost of production, if such evidence is available, and judgment to that effect will issue accordingly.

BEFORE THE FIRST DIVISION, JANUARY 8, 1941

**No. 45127.**—Petition 6118–R of J. E. Bernard & Co., Inc. (Chicago).

Opinion by BROWN, J. The petition was dismissed.

**No. 45128.**—Petition 6117–R of Capper & Capper, Ltd. (Chicago).

Opinion by BROWN, J. The petition was dismissed.

**No. 45129.**—Protests 758046–G, etc., of Saks & Co., Inc. (New York).

Opinion by OLIVER, P. J. In accordance with stipulation of counsel that the atomizers in question are similar in all material respects to those the subject of Abstract 44140 the claim at 60 percent under paragraph 218(f) was sustained.

BEFORE THE SECOND DIVISION, JANUARY 8, 1941

**No. 45130.**—Protest 23497–K of Bullocks, Inc. (Los Angeles).

Opinion by TILSON, J. In accordance with agreement of counsel that certain of the items in question consist of wearing apparel similar to that involved in Abstract 28819 the claim at 65 percent under paragraph 1210 was sustained as to those items.

**No. 45131.**—Petition 6058–R of J. D. Smith Co., Inc. (New York).

Opinion by TILSON, J. The testimony introduced in this case satisfied the court that the entry of the merchandise at a value less than that returned upon final appraisement was without any intent to defraud the revenue of the United States, conceal or misrepresent any of the facts, or to deceive the appraiser. The petition was therefore granted.

**No. 45132.**—Protests 2357–K, etc., of R. C. A. Manufacturing Co., Inc. (Los Angeles).

Opinion by KINCHELOE, J. In accordance with stipulation of counsel that the merchandise in question is the same as that passed upon in Abstract 43308 it was held dutiable at 25 percent under paragraph 1409, plus 30 percent under paragraph 1408, as envelopes made of wrapping paper lithographically printed. The protests were accordingly sustained.